Word, Adm'r. v. West.

---

## WORD, ADM'R. v. WEST.

| 38 | 243 |
| 70 | 248 |
| 38 | 243 |
| 83 | 499 |
| 83 | 501 |
| 38 | 243 |
| 89 | 71 |

1.  STATUTE OF LIMITATIONS:   *On actions accruing to a deceased's estate.*
    The Statute of Limitations does not commence to run against an action accruing to an estate after the death of a testator or intestate, until there is a personal representative of the estate competent to sue.

2.  WIDOW:  *Her allowance in deceased husband's estate; How estimated.*
    The value of both the real and personal property of an estate is to be estimated in determining whether it may be vested in the widow under *sections 6 and 7 of Gantt's Digest;* but if the remainder interest in the homestead and the personal property, are, together, of less value than $800 the widow may retain, absolutely, $300 of the property, and continue her occupation of the homestead.

3.  SAME:  *When her rights in the estate vest; Incidents of.*
    The widow's rights in her husband's estate become absolute upon his death, and upon her subsequent marriage, prior to the act of twenty-eighth of April, 1873, they passed, with the possession, by the marital right, to the husband, and so remained, unless scheduled as her separate property.

APPEAL from *Arkansas* Circuit Court.
Hon. X. J. PINDALL, Circuit Judge.

*Pinnel & Gibson*, for appellants:

Word, Adm'r. v. West.

STATEMENT.

EAKIN, J.    This is an action by an administrator to recover
from the second husband of the widow, after her death, a
lot of personal property which had belonged to the first hus-
band, and which she had retained.    The property consisted
of stock, and their increase, farming implements, and house-
hold furniture.    There had been no administration on the
estate of the first husband until about the death of the
widow, some seven years after, when letters were obtained
shortly before commencing this suit against the second.

The issues of fact and law were submitted to the court,
which found, in addition to what is stated above, that the intes-
tate left two children, and a homestead worth $400, upon
which the widow continued to reside ; also personal property
of the value of $300, which she retained, claiming it abso-
lutely ; that the defendant married the widow and continued
to hold it in right of his wife.    Upon these facts the court
declared that the plaintiff could not recover in this action.
From this he appeals.

OPINION.

It will serve no useful purpose to criticise in detail the
long list of declarations of law asked upon both sides, some
of which were given and others refused.    The facts as found
were well supported by the evidence, and the law, as appli-
cable to them, is as follows :

The action was not barred by the Statute of Limitations.
It arose, if at all, after the death of the intestate, and as the
Statute had not commenced to run in his lifetime, it would
not begin until a personal representative might be in exist-
ence competent to sue.    *McCustian* v. *Ramsy*, 33 *Ark.*,
141.

The value of the estate was more than $300, as found by
the court ; for the whole property, real and personal, is to

be estimated in order to determine whether or not it may be retained by the widow under *sections 6 and 7 of Gantt's Digest*; 33 *Ark.*, 824. The personal property was, itself, worth the full sum of $300, and the remainder interest in the homestead, which was also part of the estate, was worth something more. But altogether it was worth less than $800, and the widow, under the sixth section above cited, was "entitled to retain the amount of $300 of the property at cash price." This right, when exercised, merges her right to retain absolutely, specific articles, such as furniture, provisions, etc., as provided generally, in ordinary cases, but does not preclude her from a continued occupation of the homestead.

The widow retained only what it would have been the duty of the probate court to allow if there had been an administration. In such cases it has been held that she may show the facts in defense, even where no order of the court has been made, the onus, of course, being upon her. *Hampton et al* v. *Physick, adm'r.* 24 *Ark.*, 561; *Harrison* v. *Lamar*, 33 *Ark.*, 824, *cited supra.*

The right in the widow became absolute on the death of the husband, and upon her marriage the second time, it passed with the possession, by marital right, to the second husband. There is no showing that she was married after the act of April 28th, 1873, or that at any time during her life she claimed the property, as separate, by filing a schedule.

No claim is made in this action for the homestead. As for the personal property, it is found that the widow did not retain more than she ought. If she were willing to continue to carry the onus of the proof, it would be hard to require her to diminish her pittance by costs of administration to enable her to retain.

Without reference, to the declarations of law made and refused, we think upon the whole case the judgment was. right.

Affirm it.