Crane v. Crane.

---

CRANE v. CRANE.

1. REVIVOR OF JUDGMENTS: *By scire facias: Parties.*

An administrator died pending a proceeding by *scire facias* instituted by him to revive a judgment for a debt due the estate of his intestate. At the time of his death the estate had been fully settled and all the debts against it paid. *Held:* That the distributees of the estate being the real parties in interest, the proceeding by *scire facias* was properly revived in their names, and one of them having assigned his interest in the judgment, it was not error in the order of revivor to make his assignee a co-plaintiff, as the defendant was not thereby prejudiced.

2. SAME: *Same: Amendment.*

A judgment recovered before a justice of the peace by B, the administrator of C, for a debt due to the latter, was entered on the justice's docket in favor of "B, administrator," instead of "B, as administrator of C, deceased." A transcript of the judgment having been filed with the clerk of the circuit court and entered on the docket of that court for judgments, a *scire facias* was sued out to revive it. *Held:* That it was not error in the proceedings by *scire facias* to cause the judgment to be amended according to the fact.

3. SAME: *Same: Statute of limitations.*

The statute of limitations will not bar a proceeding by *scire facias* to revive a judgment.

APPEAL from *Bradley* Circuit Court.

C. D. WOOD, Judge.

*W. P. Stephens,* for appellant.

1. The plea of the statute of limitations of ten years was a good answer to the writ of *scire facias.*

It is true the writ is founded on the antecedent judgment, and is but a continuance of a former action. Freeman Judg., secs. 442–4; 10 Ark., 534. And in view of our statutes at the time the judgments in question were rendered, it was held that the plea of the statute was no answer to the writ. 10 Ark., 534; 11 Id., 480; 12 Id., 133; 23 Id., 322; Ib., 174; 12 Id., 743. It is also true that by the common law the *presumption* of payment does not arise until the lapse of twenty years. 23 Ark., 174; 16 Id., 213; 15 Id., 145; but in view of sec. 30, ch. 91, Rev. St.; Mansf. Dig., secs. 4487, 2979, the statute was against all judgments. Bacon's Abr. "Limitations of Actions," vol. 6, 375; Ib., note (b), 376; Angell on Lim., sec. 83, *et seq;* 38 Ark., 470.

2. The only object of *scire facias* is to obtain execution of the judgment as it was, and it was error to allow the amendments made. 14 Ark., 601; 3 Id., 532; Freeman

Judg., secs. 524–443. There must be an exact coincidence of the name of the party even. Ib., sec. 447.

No notice was given in this case that amendment would be asked. 34 Ark., 300; 9 Ib., 188; Freeman on Judg., sec. 72.

See, also, 11 Me., 377; 24 Ark., 283; Freeman on Judg., sec. 70; 77 Am. Dec., 452; 79 Ib., 797; 6 Whart., 649.

3. The revivor in the names of the heirs at law and the assignee of one of them was error. 43 Ark., 241. The action survived to the administrator and not to the heirs. Mansf. Dig., secs. 2980–4; 3928–9, 3921, 5242; 41 Ark., 315; 43 Id., 241.

The assignee, Bond, was not a proper party. 6 Eng., 748; Ib., 736; 13 Id., 503.

4. The judgment is a nullity. It does not fix the amount for which execution shall issue. Freeman on Judg., 443; 51 Am. Dec., 563.

*W. S. McCain,* for appellees.

1. The statute of limitations cannot be pleaded in bar of a *scire facias* to revive a judgment. 10 Ark., 534; 14 Id., 524; 11 Id., 480; 12 Id., 133; 23 Id., 170; Ib., 322.

2. A judgment is not *presumed* to be paid until after twenty years. 15 Ark., 145; 16 Id., 212; 38 Id., 469.

3. The court properly amended the judgment. When the transcript was filed in the circuit court, it became a judgment of that court. Mansf. Dig., sec. 4102, and could be amended to speak the truth as any other judgment. 119 U. S., 587; 9 Ark., 188; 33 Ark., 475; 40 Id., 224.

4. The suit was properly revived in the names of the heirs. The administrator had no interest in the matter, the estate had been settled, the debts paid and the administrator

Vol. LI.—19

discharged. Mansf. Dig., sec. 2522; Ib., 6348; 31 Miss., 211; 20 S. C., 347; *Henderson v. Clark*, 37 Miss.; 30 Ind., 218; 46 Id., 544; 53 Id., 110; 58 Id., 169–516; 61 Id., 339; 86 Id., 522; 31 Ark., 268. The heirs were the only real parties in interest. Mansf. Dig., sec. 4933.

BATTLE, J.

On the 23d of July, 1870, John M. Bradley, as adminis trator of W. H. Crane, deceased, recovered a judgment for three hundred and twenty dollars against Warren Crane, be- fore a justice of the peace of Bradley county. The judg- ment was entered on the docket of the justice of the peace in favor of "John M. Bradley, administrator," instead of John M. Bradley, as administrator of W. H. Crane, de- ceased. On the 24th of April, 1871, an execution was is- sued on this judgment, "and returned that the defendant had no goods or chattels whereon to levy the same." On the 9th of January, 1874, Bradley, as such administrator, filed a certified copy of the judgment with the clerk of the Brad- ley circuit court, who forthwith entered it in the docket of the Bradley circuit court for judgments and decrees, and noted therein the time of the filing of the transcript. On the 9th of March, 1887, Bradley, as administrator, sued out a *scire facias* to revive the judgment so recovered by him. During the pendency of this writ the death of Bradley was suggested, and A. B. Crane, J. E. Crane, Mary E. Batey and A. N. Bond, as assignee of A. B. Crane, filed a motion asking that the proceeding be revived in their names as plaintiffs. The defendant, Warren Crane, admitted that A. B. Crane, J. E. Crane and Mary E. Batey were adults and sole heirs of W. H. Crane, deceased; that A. N. Bond was the assignee of the interest of A. B. Crane in the judgment, and that the estate of W. H. Crane, deceased, had been

fully settled and all the debts against it had been paid and the administrator discharged, but resisted the motion on the ground that those who filed it were not proper parties. The motion was sustained and the proceeding was revived according to the prayer thereof. The defendant, thereupon, answered:

1st.   *Nul tiel* record.

2d.   That the judgment was rendered more than ten years before the writ was issued.

3d.   Payment.

During the pendency of this cause, plaintiffs filed a motion asking that the entry of the judgment on the docket of the justice of the peace and the docket of the circuit court, be amended so as to show that the judgment was recovered by John M. Bradley, as administrator of W. H. Crane, deceased, and the defendant resisted it. Evidence was introduced showing that the judgment was rendered in favor of Bradley, as administrator of W. H. Crane, deceased, and that the justice who rendered it was no longer in office. The court, thereupon, ordered his successor to amend the entry of the justice of the peace and the certified copy of the judgment according to the fact, which was done in open court, and ordered the clerk to amend the entry on the docket of the circuit court accordingly, which was done.

A jury being waived, the issues were tried by the court. In the trial the certified copy of the judgment and the entry on the docket of the circuit court, as amended, were read in evidence. Evidence was also adduced showing that an execution was issued by the clerk of the Bradley circuit court on the judgment, on the 4th of December, 1882, returnable within sixty days, and that it was returned on January 17, 1883, unsatisfied, because no property could be found where-

on to levy the same: One witness testified that he had known the defendant for twenty-five years, and that he had no property, was insolvent, and that no money could be collected from him by execution. The defendant admitted that Bradley died on the 16th of March, 1887. The court found that the judgment was recovered as before stated, and had never been paid; and the defendant, after filing a motion for a new trial, which was overruled, and a bill of exceptions, appealed.

Appellant now insists that the judgment of the circuit court should be reversed, (1) because the court erred in reviving this cause in the names of the heirs of W. H. Crane, deceased, and the assignee of one of them; (2) because the court erred in permitting the entry of the judgment by the justice of the peace and the certified copy thereof, and the entry of the same by the clerk on the docket of the circuit court, to be amended; and (3) because the revivor of the judgment by *scire facias* was barred by the statute of limitations.

1. The general rule is, that the executor or administrator of a deceased person is alone competent to maintain an action for the recovery of a debt owing to such person at the time of his death. But there are exceptions to this rule. In *Hargraves v. Thompson*, 31 Miss., 211, it was held that "if an infant die at so early an age that he could not have possibly contracted any debts, his heir may recover, without letters of administration being granted on his estate, the distributive share of the infant in the estate of his ancestor." And in *Westerfield v. Spencer*, 61 Ind., 339, the appellee sued one of the appellants on a note and to foreclose a mortgage given to secure its payment. It was alleged in the complaint that the payee in the note and the owner thereof

had died intestate, leaving appellee and others his heirs; that they being of full age had made an amicable settlement of decedent's estate, and that such note had been set apart in the division to appellee as her distributive share; that an administrator of such decedent's estate had been appointed, and that he had fully settled the estate, and had been discharged, after reporting the settlement to the proper court, which had approved the same. The court "held, on demurrer, that the complaint showed a good cause of action in favor of appellee, and the administrator was neither a necessary nor a proper party to the action."

*Smith v. Allen*, 31 Ark., 268, was an action instituted by Allen before a justice of the peace on an open account for one hundred and one dollars. During the pendency of the suit Allen died intestate, leaving an infant daughter her sole heir and distributee at law, and an estate, which, including the account sued on, was worth less than $300. On these facts being made to appear to the court, the suit was revived in the name of the infant daughter, by her next friend, as plaintiff. This court on appeal, held that she, by her next friend, was properly substituted as plaintiff.

The plaintiff in the judgment in question being dead and the estate of W. H. Crane, deceased, having been fully settled, and all the debts against it paid, and his heirs being entitled to the judgment and being in fact the owners of it, the proceeding by *scire facias* in this case was properly revived in their names. They were the real parties in interest.

It has been held by this court that an assignee of a judgment has no right to have such judgment revived by *scire facias* in his name. *Calhoun v. Adams*, 43 Ark., 238; *Brearly v. Peay*, 23 Ark., 172. The judgment in this case was revived in the names of the distributees of W. H. Crane,

1. REVIVOR OF JUDGMENT: *Scire facias:* Parties.

deceased, and an assignee of one of them. But we cannot see how appellant was or can be prejudiced thereby.

2. SAME: *Same: Amendment.* 2. In *Marlow v. Robins*, 14 Ark., 602, it was held that when a certified copy of a judgment obtained before a justice of the peace is filed with the clerk of a circuit court, as was done in this case, it had the force and effect of a judgment of the circuit court, and could be revived by *scire facias* and executed as a judgment of the circuit court. This being true, it follows that as an incident to its power, the circuit court had a right to cause the judgment in this case to be amended according to the fact, as it can do in reviving and executing its own judgments. *Adams v. Thompson*, 12 Ark., 670; *Gates v. Bennett*, 33 Ark., 475-489.

3. SAME: *Same:* Statute of limitations. 3. It has often been held by this court that the statute of limitations cannot be properly pleaded to a *scire facias* to revive a judgment in bar of a revivor of a judgment by *scire facias*, "because it is not the commencement of an action within the meaning of the statute, but a continuance of the original suit." Following these decisions we hold that the *scire facias* was not barred in this cause. *Brown v. Byrd*, 10 Ark., 533; *Hanley v. Carnell*, 14 Ark., 524; *Bettison v. Byrd*, 11 Ark., 480; *Evans v. White*, 12 Ark., 133; *Brearley v. Peay*, 23 Ark., 172; *Montgomery v. Brittin*, Ib., 322.

The judgment of revivor in this cause is informal and incomplete, but appellant is not prejudiced thereby and appellees are satisfied with it; and it is affirmed.