THARP v. PAIGE.

Opinion delivered April 25, 1903.

PARTIES—REVIVOR OF ACTION.—In a personal action revived in the name of plaintiff's executor it is error to substitute for such executor the beneficiary in plaintiff's will, in the absence of any showing as to why the substitution was made.

Appeal from Hempstead Circuit Court.

JOEL D. CONWAY, Judge.

Reversed.

C. V. Murry and Jas. H. McCollum, for appellants.

The burden was upon appellee to show that the contract was made in good faith. 46 Ark. 550; 19 Am. St. 322; 42 Am. Rep. 661; 69 Am. St. 941; 72 Am. St. 838; 75 Am. St. 664. Transactions between husband and wife are open to suspicion. 6 Am. St. 667; Bump. Fr. Con. 57-59; 67 Ark. 110. See also upon the facts of this case, 64 Ark. 377. The court erred in refusing the appellant's fourth and fifth prayers for instructions. 50 Ark. 46; 62 Ark. 32; 25 Am. St. Rep. 806; 63 *Ib.* 368; 94 U. S. 22. The gift to his wife by an insolvent debtor was a fraud. Bump. Fr. Conv. 232, 252; 94 U. S. 580; 13 Am. St. 847; 60 *Ib.* 620; 64 *Ib.* 381. It was error to refuse appellant's eighth prayer for instruction. Sand. & H. Dig. §§ 15, 5623, 5626, 5908, 5920, 5922, 5931; 15

Ark. 430; 16 Ark. 671; 22 Ark. 535; 31 Ark. 723; 32 Ark. 87; 35 Ark. 289; 41 Ark. 295; *Ib.* 314; 9 L. R. A. 258. Appellee has no right to maintain this suit. 34 Ark. 44; 52 Ark. 433; 56 Ark. 166.

*W. M. Greene;* for appellee.

There was no error in the court's rulings upon the instructions. The decision, being, on the whole, correct, will not be disturbed for any mere irregularity not affecting the substantial rights of the parties. 52 Ark. 376; 47 Ark. 470; 51 Ark. 287; 36 Ark. 205; Sand. & H. Dig. §§ 5772, 5920, 5921; 47 Ark. 31; *Ib.* 407; 46 Ark. 378. The evidence as to ownership and value is sufficient. 51 Ark. 957; 46 Ark. 147; 57 Ark. 579; 49 Ark. 381; 62 Ark. 326.

BATTLE, J. "Certain creditors of W. L. Page & Co. recovered judgments against them, and sued out executions, which the sheriff, to whom they were directed, levied upon a stock of groceries in Hope, in this state, as the property of W. L. Page. His wife, Emma R. Page, claimed the goods; and P. A. Tharp, W. A. Rhodes and Carl & Tobey Company executed five several bonds to the sheriff, by which they undertook to indemnify him 'against all damages which he may sustain in consequence of the seizure or sale of the groceries under execution; also to pay any claimant of the said goods the damages he may sustain in consequence of such seizure or sale.' After this he sold the property under the executions, and Mrs. Page then brought this suit on the bonds to recover its value, which she alleged to be $863.29, and the defendants denied her ownership." She recovered judgment. The defendants appealed to this court. The judgment was reversed, and the cause was remanded for a new trial. *Tharp* v. *Page,* 66 Ark. 229.

During the pendency of this action Mrs. Page died, leaving a last will and testament, in which she appointed W. L. Page, her husband, executor. The action was revived in his name as such executor. The mandate of this court in this case was filed in the trial court on the 4th of April, 1899. On the 18th of the same month Jessie Page, over the objection of the defendants, was substituted as plaintiff for W. L. Page, as executor, and the action was ordered to proceed as Jessie Page, plaintiff,· v. P. A. Tharp *et al.,* defendants. No reason is given or shown in the record for such substitution, except that Jessie Page "is the benficiary under the last will and testament of Emma R. Page, deceased." After

this the defendants demurred to the complaint, because it does not state facts sufficient to constitute a cause of action, and Jessie Page has no legal right to prosecute this action. The demurrer was overruled, Jessie Page recovered judgment, and the defendants again appealed.

As a general rule, actions like this should be revived and prosecuted in the name of the executor or administrator of the deceased plaintiff. There are exceptions to this rule, but there is no presumption, and it is not shown, that this action falls within the exceptions. *Sanders* v. *Moore,* 52 Ark. 376; *Graves* v. *Pinchback,* 47 Ark. 470; *Crane* v. *Crane,* 51 Ark. 287; *State Bank* v. *Williams,* 6 Ark. 156, cited by appellee, do not sustain the action of the court.

Jessie Page consequently had no right to prosecute this action, or to recover judgment therein.

Reversed and remanded for new trial.

HUGHES, J., absent.