CHISHOLM *v.* CRYE.

Opinion delivered July 15, 1907.

1. ADMINISTRATION—RIGHT OF DISTRIBUTEES TO COLLECT DEBTS.—Under Kirby's Digest, § 15, providing that "when all of the heirs of any deceased intestate and all persons interested as distributees in the

estate of such intestate are of full age, it shall be lawful for them to sue for, recover and collect all demands and property left by the intestate * * * where such intestate was at the time of his death under no legal liability," suits can be maintained by the heirs of an intestate for the collection of debts due such intestate only when all of the heirs are of full age and when the intestate at the time of his death was under no legal liability.  (Page 498.)

2.  CONFLICT OF LAWS—LIMITATIONS.—The statute of limitations applicable in a particular case is governed by the law of the forum. (Page 499.)

3.  LIMITATIONS OF ACTIONS—DEATH OF CREDITOR.—The statute of limitations will not run against the distributees of a deceased creditor who left no debts so long as any of such distributees are minors.  (Page 500.)

4.  LACHES—DOCTRINE INAPPLICABLE WHEN.—A debtor who has not changed his status with reference to the debt due to another on account of anything that such creditor has done or failed to do can not claim that the creditor by reason of his conduct is barred by laches. (Page 500.)

5.  SAME—NONEXISTENCE OF PERSON ENTITLED TO SUE.—The rule that a claim will not be barred by laches if there was no person in existence capable of suing or being sued is subject to the qualification that if it is within the power of the claimant to remove the incapacity the exemption continues only for a reasonable time after he might have brought about a condition which would enable him to sue. (Page 500.)

6.  SAME—BONA FIDE PURCHASER.—The doctrine of laches will be applied against the adult heirs of an intestate vendor of land in favor of a *bona fide* purchaser from the vendee where the heirs have waited more than nine years before taking any steps to foreclose their lien, as by procuring letters of administration upon the vendor's estate. (Page 500.)

Appeal from Faulkner Chancery Court; *Jeremiah G. Wallace,* Chancellor; reversed in part.

### STATEMENT BY THE COURT.

Nancy C. Chisholm died intestate in the State of Louisiana September 19, 1896. She left J. A. Chisholm, T. J. Chisholm, Miss Elmina Chisholm, and Mrs. M. J. Martin, her children and only heirs at law. Mrs. Nancy C. Chisholm had sold a tract of land in Faulkner County to Joseph A. Crye for a consideration of $200, evidenced by four purchase money notes of $50, due November 1, 1896, 1897, 1898, 1899, respectively. T. J. Chisholm was a minor when his mother died. He was born in May, 1884. This suit was brought within a year after he

reached his majority. Appellants were all adults when the suit was brought, and had delayed for more than three years after reaching majority before instituting this suit.

This suit was by the heirs in the Faulkner Chancery Court against Crye on the above-described notes to enforce the payment of the purchase money by having the judgment on the notes and having same declared a lien on the land, etc. The suit was instituted February 28, 1906. The firm of Frauenthal and Schwartz was made a party to the bill, it being alleged that said firm claimed an interest in and lien on the property.

Crye answered, denying all the material allegations and setting up the five years' statute of limitations as a defense. The firm of Frauenthal and Schwartz answered, adopting the answer of Crye, denying any knowledge of the transactions, set out in the complaint, and set up that Crye was indebted to it in the sum of $667, which was secured by a mortgage on the land. The firm prayed that its answer be taken as a cross-complaint against plaintiffs and the co-defendant Crye, that it have judgment, and that its mortgage be declared a superior lien on the land, etc.

The undisputed evidence showed that the notes were past due and had never been paid. The heirs were all non-residents of this State when the suit was instituted. The court held that all the plaintiffs except T. J. Chisholm had lost their right of action by laches, and their complaint was dismissed as to them. Judgment was rendered in favor of T. J. Chisholm for his *pro rata* of the amount due on the purchase money notes, towit: $60.20, and same was declared a first lien upon the lands involved in the suit. Judgment was also entered against Crye for $667.00 in favor of the firm of Frauenthal and Schwartz. The land was ordered sold and the proceeds to go in the manner indicated.

This appeal is prosecuted by the heirs of Mrs. Nancy Chisholm, who were denied relief.

*J. G. Lile* and *J. C. Clark,* for appellants

1. The claim of Frauenthal & Schwartz is subordinate to rights of plaintiffs. 29 Ark. 650; 43 *Id.* 464; 37 *Id.* 571; 50 *Id.* 322.

2. No cause of action had arisen on any of the notes prior to the death of Mrs. Nancy C. Chisholm. The statute would

not begin to run until there was some one capable of suing or until an administrator was appointed. The notes were not barred. 18 Ark. 24; 33 *Id.* 141; 38 *Id.* 243; 42 *Id.* 491; 48 *Id.* 386; 74 *Id.* 525; 68 *Id.* 459; 73 *Id.* 45. The statute did not commence to run until all the heirs were of age. Kirby's Digest, § 15.

3. There can be no laches where there is no one capable of suing. 42 Ark. 494.

*P. H. Prince* and *Sam Frauenthal,* for appellees.

1. Kirby's Digest, § 15, only applies to resident heirs. On the death of Mrs. Chisholm, under the laws of Louisiana, the title to the notes vested in appellants, and the statute of limitations began to run from the maturity of the notes, and they are barred. 11 Am. & Eng. Enc. Law (2 Ed.) 743; 19 *Id.* 221 n.; 60 Miss. 654.

2. They should have taken out letters of administration, and on failure to do so after a reasonable time the statute would begin to run. 19 Am. & Eng. Enc. Law (2 Ed.), 221-2; Kirby's Digest, § 5075; 17 Ark. 608.

3. If the notes are barred, the lien is barred. 28 Ark. 267; 43 *Id.* 464; 53 *Id.* 358.

WOOD, J., (after stating the facts.) Were appellants barred by the statute of limitations? No cause of action accrued on the notes in suit prior to the death of Mrs. Chisholm, for the first note was due November, 1896, and Mrs. Chisholm died September 1, 1896. The appellees contend that under the laws of Louisiana, there being no debts against the estate of Mrs. Nancy Chisholm, the legal title to the choses in action at once vested in appellants, and that therefore they could have brought suit upon the notes at maturity, and are barred by the statute of limitations because they failed to do so within a period of five years thereafter.

Conceding that, under the facts of this case according to the laws of Louisiana, appellants were vested with the legal title to the notes, still they could not sue to recover on same in this State under our statute until all the heirs became of age. For section 15, Kirby's Digest, provides: "When *all* of the heirs of any deceased intestate and all persons interested as dis-

tributees in the estate of such intestate are of full age, it shall
be lawful for them to sue for, recover and collect all demands
and property left by the intestate, and to manage, control and
dispose of such estate without any administration being had
thereon in all cases   *   *   *   where such intestate was at the
time of his death under no legal liability," etc.  This statute
contemplates that suit can be maintained by the heirs themselves
for the collection of debts due their intestate when the heirs
themselves and all persons interested as distributees of the estate
are of full age, and when the intestate was at the time of his
death under no legal liability.  The usual rule of *expressio unius
est exclusio alterius* applies here.  The expression that it shall
be lawful for the heirs to sue under the condition named ex-
cludes the idea that they may sue under conditions not named.
Therefore debts due the estate of an intestate who was himself
free from debt must be collected by an administrator, and not
by the heirs in their own names.  This was the rule before the
passage of the act.  *Lemon's Heirs* v. *Rector,* 15 Ark. 436;
*Anthony* v. *Peay,* 18 Ark. 24; *Pryor* v. *Ryburn,* 16 Ark. 671-98.
See also *Jacks* v. *Adair,* 31 Ark. 616; *Collins* v. *Warner,* 32
Ark. 91; *Word* v. *West,* 38 Ark. 243.

The statute prescribes the conditions upon which the rule
has been changed, and upon which the heirs may now maintain
suit.  The statute is applicable here.  Appellants, to collect their
debt, seek the forum where the debtor resides and where the
property is situated on which they ask to enforce their vendor's
lien.  Prof. Minor says: "While the situs of the creditor's
right (chose in action) follows the creditor and corresponds to
the legal situs of tangible chattels, the situs of the debtor's
obligation follows the actual situs of the debtor, or of his
property (in case of a proceeding *in rem* to enforce it), and cor-
responds to the actual situs of tangible chattels.   *   *   *
The actual situs of the debt at a particular moment is the place
where payment thereof may at that moment be enforced,
whether by proceeding *in rem* or *in personam."*  Minor, Con-
flict of Laws, § 121.  See *Smead* v. *Chandler,* 71 Ark. 505.
Woerner, Administration, § § 440, 650, 657.

It follows that appellants are not barred by the statute of
limitations.  This rule would not obtain, of course, in juris-

dictions where the heirs or distributees· were allowed to sue without any of the restrictions prescribed by our statute. *Traweek* v. *Kelley,* 60 Miss. 654, and cases cited.

Appellee Crye is not entitled to the equitable doctrine of laches. He had not changed his status in relation to the debt due appellants on account of anything appellants have done or failed to do. He sustains the same relation to appellants as when the debt was contracted. He owed their ancestor, and he owes them, and he does not allege or show that he ever offered to pay or pretended that he was willing and ready to pay. So far as he is concerned, he is in no attitude to complain because, on account of his failure or neglect to pay, the bringing of this suit was necessary. He contracted the debt to his co-appellees, knowing that he owed appellants, and gave the firm of Frauenthal and Schwartz a mortgage on the land which he knew at the time he had not paid for. His conduct does not commend him to a court of equity as a fit subject to invoke the equitable doctrine of laches.

With the firm of Frauenthal and Schwartz the case is different. They allege that they had no actual notice of appellants' vendors' lien, and the proof shows that much of the debt due from appellee Crye for which the last mortgage was executed was contracted before the deed of appellants' intestate to Crye was put upon record. Crye was in possession of the land all this time, exercising acts of ownership over it. While the record was constructive notice, from the time of the recording of the deed, that there had been a vendor's lien, it was notice also that the last of the purchase money notes was due in 1899, and that if they were still unpaid appellants had waited over seven years after the maturity of the last note before taking any steps to enforce their payment; and while it is true that appellants in their own name and right could not sue in this State until the youngest child was of age, yet it is also true that appellants could have moved the probate court for administration to collect the notes. The adult appellants could have administered. They are in the preferred class. Section 7, Kirby's Digest. It was the duty of those appellants who were of age at the time the cause of action accrued to have moved for administration for the collection of their debt within a reason-

able time, and those who were not of age when the cause of action accrued should have taken steps for the collection of their claims within three years after they reached their majority. "Where there is no person in existence capable of suing or being sued, no fault can be imputed to a claimant for a failure to begin his action, and the rule is therefore well settled that the statute does not begin to run in such a case until there is in existence some one capable of suing and some one who may be sued. The rule is subject to the qualification that if it is within the power of the claimant to remove the incapacity the exemption continues only for a reasonable time after he might have brought about a condition which would enable him to sue." 19 Am. & Eng. Enc. Law, 219. While this language was used with reference to the statute of limitations, it is applicable in considering the doctrine of laches. The two appellants that were adults when the claim matured delayed for more than nine years when they could have had letters of administration issued immediately. The others waited for more than three years after they became of age. So all are barred by laches. Their claim was stale. Third parties had the right to assume, so far as the heirs are concerned, after this great lapse of time, that the purchase money notes had been paid, or that the claim had been abandoned. Equity favors the vigilant, and not those who sleep. If this were a suit at law for a cause of action accruing to the estate of Mrs. Chisholm, and not to her heirs, the case would be different. "When the cause of action accrues to the estate of a decedent, the statute of limitations does not run until the appointment of an administrator. Nor can laches be imputed where there is no one capable of suing." *Hanf* v. *Whittington,* 42 Ark. 401; *Word* v. *West,* 38 Ark. 243; *McCustian* v. *Ramey,* 33 Ark. 141. But here the heirs are suing in their own right in equity to recover a debt which they allege belongs to them. The doctrine of laches applies.

The decree of the chancellor denying appellants a judgment against Crye for the purchase money is reversed; and if there be a surplus after satisfying the mortgage lien of Frauenthal & Schwartz, it should go to satisfy the purchase money notes held by appellants.

The decree in favor of appellees Frauenthal and Schwartz is affirmed.

Hill, C. J., (concurring.)    In my opinion heirs at law may sue for assets of an estate descended to them whenever they can successfully prove that their ancestor was free of debt and there existed no cause for administration.

The provision of the Code requiring the real parties in interest to bring actions should change the rule to the contrary announced in early cases. This principle was recognized in *Crane* v. *Crane*, 51 Ark. 287. The act of 1893 (section 15-19, Kirby's Digest) covered other matters than the right of heirs to sue, and as to this phase of it was only declaratory of existing law. It was a remedial statute, and accumulative to and declaratory of existing rights. Hence I cannot concur in the above construction of it. I favor an affirmance on ground of limitations as well as on the ground of laches—I concur in the opinion that laches barred appellants.