Cook, Commissioner of Revenues, *v.* Arkansas-Missouri
Power Corporation.

4-7824                                          192 S. W. 2d 210

Opinion delivered February 11, 1946.

*O. T. Ward* and *R. S. Wilson,* for appellant.

*C. M. Buck* and *J. G. Sudbury,* for appellee.

Robins, J.   The question in this case is whether appellee, a Delaware corporation, maintaining a domicile in Arkansas and doing business in Arkansas and in Missouri, is liable, as part of its income tax due to Arkansas, for tax on dividends received on stock owned by it in a Missouri corporation transacting all its business within that state.

Appellee is engaged in the production and sale of electricity and ice, having its principal place of business at Blytheville and branches in various towns in Arkansas and Missouri.  During the years involved (1938 to 1942, inclusive) forty-seven per cent. of appellee's gross oper-

ating revenues came from operations in Arkansas and fifty-three per cent. thereof from operations in Missouri.

Appellee owned 14,547 shares of common stock of the East Missouri Power Company, a Missouri corporation, a public utility whose operations were entirely within Missouri. From this stock appellee received certain dividends which the Commissioner of Revenues for the State of Arkansas, appellant's predecessor in office, deemed to be subject to the Arkansas income tax. A levy and demand for payment being made, appellee paid under protest the taxes demanded, $3,337.98, and thereupon, under authority of § 14055 of Pope's Digest, brought this suit against the Commissioner of Revenues to recover the taxes alleged by it to have been thus illegally exacted.

In its complaint appellee set forth the facts recited above as to the alleged accrual of the taxes and the payment thereof under protest. Appellant demurred to the complaint, and, when his demurrer was overruled, elected to stand thereon and the court rendered decree in favor of appellee against appellant for the amount of taxes involved. To reverse that decree this appeal is prosecuted.

The law authorizing collection of income tax in this state was enacted by the General Assembly of 1929, and this statute (Act No. 118, approved March 9, 1929) appears as §§ 14024 to 14066, inclusive, of Pope's Digest. Some amendments to the original Act have been made, but they do not affect this suit.

Section 14038 of Pope's Digest (§ 15 of Act No. 118 of the General Assembly of Arkansas, approved March 9, 1929) provides: ''If the entire trade or business of a nonresident individual or a foreign corporation is carried on in the jurisdiction of this state, the tax imposed by this Act shall be computed upon the entire income of such nonresident individual or foreign corporation. In the case of *foreign corporations* or nonresidents *whose income is derived from sources partly within and partly without the state,* the following items of gross income shall be treated as income from sources within the state:

1. Insurance premiums, interest on bonds, notes, or other interest bearing obligations of residents, corporate or otherwise; the amount received as dividends from domestic corporations . : ., *or from foreign corporations more than fifty per centum of whose gross income was derived from sources within the state;* compensation for personal services or labor performed within the state; rents or royalties from property or any interest in property within the state; gains, profits, and income from the sale, operation or ownership of any property within the state." (Italics supplied.)

In the case at bar it was alleged in the complaint, and admitted by appellant's demurrer, that (a) appellee was a foreign corporation whose income was derived from sources partly within and partly without this state; and (b) the income here involved was received as dividends from a foreign corporation, none of whose gross income was derived from sources within this state.

It thus appears there is no authority under the Act herein invoked to lay any tax on the income arising from dividends received by appellee from the East Missouri Power Company. The legislature classified as income (in the case of foreign corporations doing business in this, as well as another state) dividends received by such corporation from stock owned by it in foreign corporations "more than fifty per centum of whose gross income was derived from sources within the state"; but the legislature did not see fit to include for taxation as income (of corporations of the class of appellee) dividends received by it from a foreign corporation, none of whose gross income arose in Arkansas.

A statute imposing a tax must be strictly construed against the taxing authority. "A tax cannot be imposed except by express words indicating that purpose." (Headnote 3) *Wiseman* v. *Arkansas Utilities Company,* 191 Ark. 854, 88 S. W. 2d 81.

"Where the intent or meaning of tax statutes, or statutes levying taxes, is doubtful, they are, unless a con-

trary legislative intention appears, to be construed most strongly against the government and in favor of the taxpayer or citizen. Any doubts as to their meaning are to be resolved against the taxing authority and in favor of the taxpayer. . . ." 51 Am. Jur. 366.

"The general rule is that statutes providing for taxation are to be construed strictly as against the state and in favor of the taxpayers. . . ." 61 C. J. 168.

Another rule, often applied by the courts in construing statutes, is that the express designation of one thing by the legislature may properly be construed to mean the exclusion of another. *Hall* v. *State*, 1 Ark. 201; *Watkins* v. *Wassell*, 20 Ark. 410; *Little Rock & F. S. R. R. Co.* v. *Clifton*, 38 Ark. 205; *Chisholm* v. *Crye*, 83 Ark. 495, 104 S. W. 167.

"Where an Act undertakes to regulate the subject of which it treats, and points out the manner and place in which the act regulated may be done, there is an implied inhibition against doing it otherwise or elsewhere. In such cases the maxim *expressio unius est exclusio alterius* becomes a canon of construction." *St. Louis, Iron Mountain & Southern Railway Co.* v. *Branch*, 45 Ark. 524.

"Generally speaking a 'legislative affirmative description' implies denial of the non-described powers. *Durousseau* v. *United States*, 6 Cranch (U. S.) 307, 3 L. Ed. 232." *Continental Casualty Co.* v. *United States*, 314 U. S. 527, 86 L. Ed. 426, 62 S. Ct. 393.

We conclude that when the General Assembly, dealing with the subject of income taxes to be collected from foreign corporations carrying on business in this and another state, expressly prescribed that dividends received by such corporations on stock in foreign corporations which obtained more than fifty per cent. of their revenues within Arkansas should be deemed as income of the corporations receiving such dividends, and failed to make any provision for collection of any tax on dividends collected by the taxpayer foreign corporations on divi-

dends received from foreign corporations obtaining fifty per cent., or less, of their revenues from within Arkansas, this amounted to a legislative declaration that where such dividends come from stock in corporations not obtaining more than fifty per cent. of their gross receipts from within Arkansas, such dividends were not to be taxed as income of the described corporations. The propriety of the exemption thus afforded is, of course, a matter for legislative determination.

We have carefully examined other portions of our income tax law, urged by appellant as supporting the legality of the tax herein involved, and we do not find that they apply in the instant case. Nor is there anything in our opinions in the cases of *Wiseman* v. *Arkansas Utilities Company*, 191 Ark. 854, 88 S. W. 2d 81, and *Southeast Power & Light Company* v. *McCarroll*, 200 Ark. 565, 140 S. W. 2d 1001, which conflicts with the holding of the lower court. In neither of those cases was there involved a situation such as we have here.

The lower court correctly applied the law. Therefore, the decree appealed from is affirmed.