The Honorable Luther "Lu" Hardin State Senator 309 South Vancouver Russellville, AR 72801
Dear Senator Hardin:
This is in response to your request for an opinion on the following question:
 May the Circuit Clerk within his or her discretion allow a company without certificates of authority to place a copy machine in the Circuit Clerk's office?
It is my opinion that the answer to this questions is "no", based upon the language of A.C.A. 17-11-323, which states:
 Holders of certificates of authority and their employees in the conduct of the business of abstracting shall have access to the public records in any office of any city or county or of the state. They shall be permitted to make memoranda or notations therefrom or copies thereof and to occupy reasonable space with equipment for that purpose, subject to the reasonable regulation of the custodian of the public records and during the business hours of such office, in order to enable certificate holders to make and prepare abstracts and to compile, post, copy, and maintain their books, records, and indices.
It is well-established that the legislature's affirmative statement of the effect of a statute is ordinarily an implied denial of its have some other effect. GOSNELL v. STATE, 284 Ark. 299,681 S.W.2d 385 (1984). The Arkansas Supreme Court has stated in this regard that "'[g]enerally speaking, a `legislative affirmative description' implies denial of the non-described powers.'" COOK v. ARK.-MO. POWER CORP., 209 Ark. 750, 753,192 S.W.2d 210 (1946), CITING CONTINENTAL CASUALTY CO. v. UNITED STATES, 314 U.S. 527 (1942).
The legislation in this instance requires that the holder of a certificate of authority "shall be permitted to . . . occupy reasonable space with equipment" for the purpose of making memoranda or notations from, or copies of, records in connection with the abstracting business. The fact that this requirement extends only to "holders of certificates of authority and their employees" impliedly denies this permission to companies without such certificates. It is also significant to note in this regard that the provision under 17-11-323 involving the "reasonable regulation of the custodian of the public records" only applies to certificate holders.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.