Joe Olivo LOZANO, Appellant,

v.

The STATE of Texas, Appellee.

No. 10–83–223–CR.

Court of Appeals of Texas, Waco.

July 5, 1984.

James L. Bruner, San Antonio, for appellant.

Sam D. Millsap, Jr., Crim. Dist. Atty., Ernie Glenn, Sam Ponder, Alan E. Battag-

lia, Asst. Crim. Dist. Attys., San Antonio, for appellee.

## OPINION

THOMAS, Justice.

A jury convicted Appellant of delivering marihuana for remuneration and sentenced him to six years in prison. This appeal presents two questions. First, does jeopardy bar the State from prosecuting Appellant for delivery? Second, is the evidence sufficient to support Appellant's conviction, where the marihuana was not introduced as an exhibit (it had been destroyed before trial under a court order) and the charge instructed the jury not to convict Appellant unless it found "the exhibits introduced in evidence by the State are marihuana"? We affirm.

Following his arrest by an undercover narcotics officer, Appellant was indicted for delivery of marihuana for remuneration, a third-degree felony under Sec. 4.05(e)[1]. On September 19, 1981, Appellant pled guilty under a plea agreement to possession of marihuana over four ounces, a third-degree felony under Sec. 4.05(b)(1), and was sentenced to five years in prison and ordered to pay a $500 fine. On October 1st, the court ordered the marihuana destroyed. Appellant filed a motion for new trial, claiming his conviction was improper because the indictment did not allege the elements of possession over four ounces. The court granted him a new trial on November 5th. The crime lab destroyed the marihuana on November 10th.

The State prepared to try Appellant for delivery of marihuana for remuneration under the original indictment. He tried to dismiss the indictment before trial through a special plea of collateral estoppel. The plea asserted the State could not prosecute him for delivery, because that would allow the State to relitigate ultimate fact issues already determined in his favor when he was granted a new trial on his conviction for possession. The plea was denied.

Appellant's first ground contends the court erred in overruling his plea of collateral estoppel. In the trial on delivery for remuneration, the State proved that Appellant knowingly and intentionally possessed and actually delivered approximately fifteen ounces of marihuana to an undercover narcotics agent for $300. *Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed. 306 (1932), prescribes the following test to determine whether more than one offense has arisen from the same act or transaction which constitutes a violation of two distinct statutory provisions: does each statutory provision require proof of an additional fact which the other does not require? *Ex parte Mike*, 632 S.W.2d 594 (Tex.Cr.App.1982).

■ Conviction for felony possession requires proof of the amount of marihuana possessed but does not require proof of remuneration. Sec. 4.05(a)(b)(1). Conviction of delivery for remuneration requires proof of remuneration but does not require proof of the amount of marihuana delivered. Sec. 4.05(d)(e)(f). After applying the *Blockburger* test, we hold the proof established that Appellant violated two distinct statutory provisions, both resulting in third-degree felonies, in the same act or criminal transaction: (1) possession of marihuana over four ounces; and (2) delivery of marihuana for remuneration. As both offenses are third-degree felonies, neither could be a lesser included offense of the other. A single act may be an offense against two statutes. If each statute requires proof of an additional fact which the other does not require, an acquittal or conviction under either statute does not exempt the defendant from prosecution and punishment under the other. *Blockburger v. United States, supra.* Under the facts presented, jeopardy does not bar the State from prosecuting Appellant for delivery of marihuana for remuneration, even though he may have been convicted or acquitted in a prior proceeding for possession of marihuana over four ounces.

---

**1.** Section references are to Tex.Rev.Civ.Stat. Ann. art. 4476–15 (1976).

■ The court correctly overruled the plea of collateral estoppel for other reasons as well. Appellant's conviction for felony possession was a nullity, because the indictment did not allege the elements of possession of marihuana over four ounces. Under the circumstances, the court lacked jurisdiction to convict and, thus, jeopardy did not attach. *Houston v. State*, 556 S.W.2d 345 (Tex.Cr.App.1977). Furthermore, collateral estoppel only arises where the prior judgment results in an actual acquittal of the defendant. *Jones v. State*, 514 S.W.2d 255 (Tex.Cr.App.1974). To constitute an acquittal, the judge's ruling must actually represent a resolution, correct or not, of some or all of the factual elements of the offense charged. *Lee v. United States*, 432 U.S. 23, 97 S.Ct. 2141, 52 L.Ed.2d 80 (1977). Here, the court granted Appellant a new trial, an act which did not resolve any factual elements in his favor; therefore, Appellant cannot base a plea of collateral estoppel on the court granting him a new trial.

Appellant also argues that, under the provisions of Tex.Code Crim. Proc.Ann. art. 37.14, he has been impliedly acquitted of delivery, because felony possession is a lesser included offense of delivery for remuneration. This argument was not presented to the trial court. Art. 37.14 is not applicable under the facts of this case because Appellant committed two third-degree felonies, neither of which can be a lesser included offense of the other. We overrule ground one.

During the trial for delivery, the State proved an unbroken chain of custody from the time the substance was seized from Appellant to the time it was weighed and analyzed by the crime laboratory. The chemist who performed the analysis testified the substance was 430.5 grams of marihuana. Although uncontroverted evidence established that the marihuana had been destroyed under a court order prior to trial, the court's charge instructed the jury as follows:

Now, if you find from the evidence beyond a reasonable doubt that on or about the 17th day of September, A.D., 1980, in Bexar County, Texas, [Appellant] did knowingly or intentionally actually deliver to Richard Garansuay, marihuana, for remuneration, then you will find the defendant guilty of delivery of Marihuana as charged in the indictment.

If you do not so believe, or if you have a reasonable doubt thereof, you will find the defendant not guilty.

You are instructed that you cannot convict the defendant *unless you find from the evidence beyond a reasonable doubt that the exhibits introduced in evidence by the State are marihuana* and unless you further find from the evidence beyond a reasonable doubt that the defendant delivered the same for remuneration; and if you have a reasonable doubt as to either of such matters, you will resolve that doubt in the defendant's favor and find him not guilty. (Emphasis added).

■ In his second ground of error, Appellant contends the evidence is insufficient to support his conviction under the court's charge because the marihuana had not been introduced as an exhibit. Although the marihuana was not introduced as an exhibit, the evidence is otherwise ample to support Appellant's conviction. The evidence does not show the State destroyed the marihuana in bad faith, and Appellant cross-examined the State's witnesses on matters relating to chain of custody and results of the lab analysis. Under these facts, Appellant's conviction for delivery can stand. *Lake v. State*, 577 S.W.2d 245 (Tex.Cr.App.1979).

■ That portion of the court's charge, which instructed the jury not to convict Appellant "unless the exhibits introduced in evidence by the State are marihuana", is merely surplusage and must be construed as an inadvertent or clerical error on the part of court. Considering the proof that the marihuana had been destroyed before trial under an order issued by the same trial judge, the nature of the court's error is obvious. The court would have, undoubtedly, corrected this patently

clerical error had it been called to his attention. When viewed as a whole, the charge correctly stated the law of the case and required proof beyond a reasonable doubt of each element of the offense of delivery of marihuana for remuneration. The surplus instruction, although included through inadvertent or clerical error, did not affect the sufficiency of the evidence supporting Appellant's conviction. Inadvertent or clerical error in an instruction does not require reversal of a conviction where the charge as a whole correctly applies the law to the facts. *Woods v. State*, 141 S.W.2d 318 (Tex.Cr.App.1940); *McWhirter v. State*, 66 Tex.Cr.R. 188, 146 S.W. 189 (1912). Appellant's second ground is overruled.

Affirmed.