## Jerome F. KNAPP v. STATE of Arkansas

CR 84-137                                                676 S.W.2d 729

Supreme Court of Arkansas
Opinion delivered October 8, 1984

*Evans, Farrar, Owens & Reis,* by: *Bryan T. Reis,* for appellant.

*Steve Clark,* Att'y Gen., by: *Marci L. Talbot,* Asst. Att'y Gen., for appellee.

DARRELL HICKMAN, Justice. Jerome F. Knapp was convicted in Garland County Circuit Court of six counts of passing bad checks totaling over $4,000. He was sentenced to six years imprisonment. There were two "hot check" statutes in existence when Knapp was charged. The first was a 1943 statute concerning checks drawn only on out of state banks. Ark. Stat. Ann. § 67-717 (Repl. 1980). The second was a 1959 statute pertaining to either in state or out of state banks. Ark. Stat. Ann. § 67-720 (Supp. 1983). Knapp was convicted under the 1943 out of state "hot check" law, § 67-717. Knapp's checks were all drawn on a Texas bank.

On appeal Knapp raises one argument: the trial court instructed the jury under the wrong law because the instruction given was based on the later law, not the one Knapp was charged with violating. The instruction provided that if a check was passed on an account and returned "account closed," that is *prima facie* evidence of intent to defraud.

It would seem that if the crime were exactly the same it would make no difference that the instruction was given, because it involves an evidentiary rule rather than a substantive rule of law. *Romano* v. *B. B. Greenberg Co.,* 108 R.I. 132, 273 A. 2d 315 (1971). Furthermore, if we can, we should give legislation a construction to effect legislative intent. *Vandiver* v. *Washington,* 274 Ark. 561, 628 S.W.2d 1 (1982). However, this is a criminal statute which must be strictly construed with doubts being resolved in favor of the accused. *Clayborn* v. *State,* 278 Ark. 533, 647 S.W.2d 433 (1983); *Breakfield* v. *State,* 263 Ark. 398, 566 S.W.2d 729 (1978).

The statute under which Knapp was convicted does not require intent to defraud as § 67-720 does. Furthermore, the later statute is prefaced with the phrase "For the purposes of this section. . . ." We cannot say with any confidence that the legislature intended the language in the later act to apply to all existing legislation pertaining to bad checks. The instruction therefore contains a provision missing from the old statute. Later the legislature corrected the mistake or oversight and repealed §§ 67-717 and 67-718, but that action has no bearing on this case.

We do not rule on the question of whether the instruction on *prima facie* evidence was proper: it may not be a proper instruction. See *McAdams* v. *United States,* 74 F.2d 37 (8th Cir. 1935); *Cecil* v. *State,* 283 Ark. 348, 676 S.W.2d 730 (1984).

Knapp filed a *pro se* motion below alleging ineffective assistance of counsel and argues that issue on appeal. This issue is obviously moot.

Reversed and remanded.