William Terry CECIL *v.* STATE of Arkansas

CR 84-156                          676 S.W.2d 730

Supreme Court of Arkansas
Opinion delivered October 8, 1984

*Darrell E. Baker, Jr.,* Public Defender, for appellant.

*Steve Clark,* Atty. Gen. by: *Patricia G. Cherry,* Asst.
Atty. Gen., for appellee.

DARRELL HICKMAN, Justice. William Terry Cecil was
convicted by a Washington County jury of ten violations of
The Arkansas hot check law, Ark. Stat. Ann. § 67-719, et seq.
(Supp. 1983), and sentenced to eight years imprisonment.
He makes two arguments on appeal. First, he argues that the
law is unconstitutionally vague and, second, that the trial
court refused to properly instruct the jury that one must have
the "purpose" to defraud instead of an "intent" to defraud.

The first argument will not be considered because it was

not raised before the trial court. *Cain v. Arkansas State Podiatry Examining Board,* 275 Ark. 100, 628 S.W.2d 295 (1980); *Sweeney v. Sweeney,* 267 Ark. 595, 593 S.W.2d 21 (1980). The second argument we find meritless.

The trial court properly used Arkansas Model Criminal Instructions, specifically, AMCI 3601, in this case to instruct the jury. We have held that the trial court should use such instructions unless explicit reasons are given for not doing so. *Per curiam* order of January 29, 1979, 264 Ark. 967. The relevant portion of the instruction given is as follows:

> Second: That as to each of the 10 described checks above, the defendant, William Cecil, knew at the time he made or drew or uttered or delivered the check that there were not sufficient funds on deposit with the bank for payment in full of the checks and all other outstanding checks against such funds;
>
> Third: That William Cecil made or drew or uttered or delivered the particular checks with intent to defraud.
>
> If you find that the defendant, William Terry Cecil, made or drew or delivered or uttered the checks and that William Cecil had no account with the bank when the check was made or drawn or delivered or uttered, then you may consider that fact along with all of the other evidence in the case in determining whether William Cecil intended that the check or checks would not be honored and that he had the intent to defraud.

The appellant's argument is that the phrase "intent to defraud" is the very kind of vague and confusing phrase the new criminal code was designed to abolish, by using instead such words as "purposely" and "knowingly" to describe criminal intent. The argument ignores that the hot check law is not and never was a part of the criminal code, and the phrase "intent to defraud" used in this case was properly explained to the jury in the instruction given. Therefore, the court did not commit error in refusing to make the substitution requested.

Affirmed.