## Don GOSNELL *v.* STATE of Arkansas

CR 84-143                                           681 S.W.2d 385

Supreme Court of Arkansas
Opinion delivered December 21, 1984

*Dale Varner,* for appellant.

*Steve Clark,* Att'y Gen., by: *Leslie M. Powell,* Asst. Att'y Gen., for appellee.

GEORGE ROSE SMITH, Justice. Under the Youthful Offender Alternative Service Act of 1975, a felony conviction of a person under 26 years of age may be expunged. Ark. Stat. Ann. §§ 43-2339 et seq. (Repl. 1977). The only question here is whether, when such a person later commits another felony, the expunged conviction may be used to enhance his sentence as an habitual offender. Our jurisdiction is under Rule 29 (1) (c). We agree with the circuit court's ruling that the expunged conviction may be considered.

In February, 1980, the appellant, Don Gosnell, was convicted of two felonies and was sentenced to concurrent three-year sentences under the youthful offender act. In January, 1982, he successfully completed the rehabilitation

program, and his convictions were expunged. In 1983, however, he committed a third felony, for which he was convicted in the case at bar, in January, 1984. The trial judge, sitting without a jury, considered the two expunged convictions in sentencing Gosnell as an habitual offender.

Broadly speaking, the statute gives a youthful offender an opportunity to mend his ways and return to free society without the disadvantages of a criminal conviction. Three provisions in the statute are pertinent to the question now before us:

> A person who has had two or more previous felony convictions is not an "Eligible Offender" under this Act, and the fact that a felony conviction has been "expunged" shall not render the person an "Eligible Offender." [§ 43-2340 (f).]
> "Expunge" means an entry upon the official records . . . that such records shall be sealed, sequestered, treated as confidential and only available to law enforcement and judicial officials; and further signifying that the defendant was completely exonerated of any criminal purpose and said disposition shall not affect any civil right or liberties of said defendant. The term "expunge" shall not mean the physical destruction of any official records of law enforcement agencies or judicial officials. [§ 43-2340 (g).]
> Upon the expungement of such record, as to that conviction, the person whose record was expunged may thereafter state in any application for employment, license, civil right, or privilege, or in appearance as a witness that he has not been convicted of the offense for which he was convicted and sentenced or placed on probation under the provisions of this Act. [§ 43-2344.]

We think it clear that an expungement does not exempt a youthful offender from responsibility for that offense under the habitual criminal laws. The first section we have quoted carries that implication, for it provides that a youth who has had two or more previous felony convictions is not even eligible for the benefits of the statute and that one

who commits a crime after one expungement cannot again qualify for similar clemency.

More important, it is a familiar rule, rooted in common sense, that the legislature's affirmative statement of the effect of a statute is an implied denial of its having some other effect. The Latin maxim is expressio unius est exclusio alterius. *Cook* v. *Ark.-Mo. Power Corp.,* 209 Ark. 750, 192 S.W.2d 210 (1946).

The rule applies here. The statute in question provides that (a) an expunged conviction shall not affect any civil rights or liberties of the defendant and (b) he may state in any application for employment, license, civil right, or privilege or in any appearance as a witness that he has not been convicted of the offense. Ark. Stat. Ann. §§ 43-2340 (g) and -2344 (Repl. 1977). It does *not* state that he is free to commit more felonies without accountability as an habitual criminal.

There is good reason to follow the basic rule of statutory interpretation in this instance. *Every benefit* extended by this statute is of the type to encourage the offender's progress toward rehabilitation. That is, a reformed convict should be encouraged to apply for a job, to assert his civil rights, as by registering to vote or running for office, and to discharge a good citizen's duty to appear as a witness without fear of unnecessary embarrassment. But there is no reason either to encourage him to commit another crime or to believe that the legislature intended to do so. The trial judge was right in refusing to read into the statute a provision that is simply not there and that would actually be contrary to the over-all legislative intent.

Affirmed.

HICKMAN, PURTLE, and HOLLINGSWORTH, dissent.

P.A.HOLLINGSWORTH, Justice, dissenting. When we interpret legislative acts there is a rule of law to be found which will serve any view. The majority has found one to justify its position.

However, that rule is not the rule of construction which we apply in interpreting criminal or punitive statutes. They must be strictly construed with all doubts resolved in favor of the accused. *Knapp* v. *State,* 283 Ark. 346, 676 S.W.2d 729 (1984); *Clayborn* v. *State,* 278 Ark. 533, 647 S.W.2d 433 (1983); *Breakfield* v. *State,* 263 Ark. 398, 566 S.W.2d 729 (1978).

The reason a prior conviction under the Youthful Offender Alternative Service Act of 1975 cannot be used to enhance a sentence is simple: the prior conviction no longer exists. The act is plain in its language: "'Expunge'. . . further signif[ies] that the defendant *was completely exonerated of any criminal purpose* and said disposition shall not affect any civil right or liberties of said defendant." Ark. Stat. Ann. § 43-2344 (Repl. 1977). (emphasis added)

The act is a discretionary sentencing device available to a trial judge in deserving cases. The purpose of the act is to give offenders sentenced under the act the extra support of an expunged record in the hope that that support will lessen the chance of repeat offenses and simply to give some people a second chance. The use of the act reflects a willingness by the state to gamble that the accused will not fail society again.

The majority ignores the real purpose of the act. They find that the act only offers a false promise, to be reneged upon in circumstances not specified by the act. I would rather the state make a mistake than dishonor its word. We are holding that the slate is not wiped clean — when the act says it is.

In this case, the purpose of the act was not fulfilled but that does not justify the action taken by the trial court. The act has already been applied to Gosnell, and the effect of that application is that his prior conviction under the act no longer exists except for purposes of determining whether the act can be applied to Gosnell again. The language from the act seized upon by the majority only dictates that a judge cannot apply the act to Gosnell because he is no longer an "eligible offender."

Furthermore, the Latin maxim cited by the majority supports my view. *Expressio unius est exclusio alterius* means that the expression of one thing implies the exclusion of another. The act clearly states that expunged felonies can be used to render one who appears to be an eligible offender ineligible for application of the act. It does not state that the expunged convictions may be used to enhance a subsequent sentence. Thus, the act gives an affirmative statement regarding for what purposes expunged convictions may be used and thereby impliedly denies any other use.

I would reverse.

HICKMAN, J. and PURTLE, JJ., join in this dissent.