The Honorable Nick Wilson State Senator P.O. Box 525 Pocahontas, Arkansas 72455
Dear Senator Wilson:
This is in response to your request for reconsideration of Opinion No. 89-109, (copy enclosed), wherein it was concluded that hospitals are not required to obtain "permit of approval" review before adding home health care services. The opinion was based upon a construction of Act 422 of 1989, which amended A.C.A. § 20-8-101 et seq. You have expressed concern that the opinion is not in conformity with legislative intent, and you have noted several provisions of the act which you believe indicate a contrary conclusion. You thus request revision of our former opinion.
It is my conclusion, after a careful review of your concerns, that Opinion No. 89-109 is correct; it thus remains the opinion of this office.
You first note that Section 3 of Act 422 of 1989 provides as follows:
The Health Services Commission shall evaluate the availability and adequacy of health facilities and health services as they relate to long-term-care facilities and home health care service agencies in this State. [Emphasis yours.]
Your contention is that this provision compels the conclusion that hospitals can only add home health services if they meet the "need standards" of the Commission. I disagree. The quoted language above charges the Commission with the duty to evaluate the availability and adequacy of "health facilities" and "health services". A hospital is not a "health facility" under the act. Additionally, the duty to evaluate these facilities and services is to be, in part, as they relate to "home health care services agencies". This term is subsumed in the definition of "health facility". If a hospital is not a "health facility", then by definition it is not included within the definition of a "home health services agency" under the act.
You point to two final provisions of the act in support of your contention that Opinion No. 89-109 was issued in error. They are §§ 4(d) and 5(f) which provide, respectively:
 The Commission shall develop policy and adopt criteria, including time limitations, to be utilized by the Agency in the review of applications and the issuing of Permits of Approval for a long-term facility or a home health care service agency as provided herein.
 The Commission shall review the recommendations of the Agency concerning action on applications by long-term care facilities or home health care services agencies for Permits of Approval and endorse or reject the same.
Both of these provisions specifically mention and govern the issuance of permits of approval. You construe this language as requiring permits of approval before hospitals can add home health services. Such a construction would be in direct contravention of the language of Section 2 (6) of the act which states: "nothing in this Act shall be deemed to require a permit of approval for or otherwise regulate the licensure of in any manner, a `hospital'". [Emphasis added.] The two provisions cited above simply do not apply to hospitals.
Although legislation is to be given, if at all possible, a construction to effect legislative intent, (Knapp v. State,283 Ark. 346, 676 S.W.2d 729 (1984)), it has also been held that each section of a statute is to be read in light of every other section (Chism v. Phelps, 228 Ark. 936,311 S.W.2d 297 (1985)), and that absent legislative history to the contrary, a reviewing court assumes that the legislative purpose is expressed by the plain meaning of statutory language and that language must be considered conclusive. Scott v. Block, 825 F.2d 1254 (8th Cir. 1987). If there is no ambiguity, the statute is given effect just as it reads. Chandler v. Perry-Casa Public Schools Dist. No. 2, 286 Ark. 170,690 S.W.2d 349 (1985).
It is my opinion that the language of Act 422 of 1989 is not ambiguous, and that when all of the provisions are read together, none of them require a hospital to obtain "permit of approval" review prior to adding home health services.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
STEVE CLARK Attorney General
SC:arb Enclosure