The Honorable Julia Hughes Jones Auditor of State 230 State Capitol Little Rock, AR 72201
Dear Ms. Jones:
This is in response to your request for an opinion regarding the payment of claims for abandoned mineral proceeds. See A.C.A.18-28-401 et seq. (Supp. 1987). You have asked, specifically, whether such claims may be paid from the Unclaimed Property Proceeds Trust Fund established under A.C.A. 18-28-218 (Supp. 1987).
It is my opinion that the answer to this question is "no". The trust fund established under 18-28-218 (Supp. 1987) is comprised of funds received under the Uniform Disposition of Unclaimed Property Act (A.C.A. 18-28-201 et seq. (Supp. 1987). Your inquiry involves claims made in connection with abandoned mineral proceeds, for which a special trust fund was established known as the Abandoned Mineral Proceeds Trust Fund (A.C.A. 18-28-403 (Supp. 1987). Subsection (b) of 18-28-403 states that this latter fund "shall be used by the Auditor of State to pay the claims of persons establishing ownership of mineral proceeds in possession of the State under this subchapter. . . ."
It should be noted that, in accordance with 18-28-403(a) (Supp. 1987), "[a]bandoned mineral proceeds shall be subject to the unclaimed property provisions of the Uniform Disposition of Unclaimed Property Act. . . ." This subsection does not, however, in my opinion require or authorize the payment of abandoned mineral proceeds claims from the fund established under the Uniform Act. The legislature has, instead, made separate provision for the fund from which to pay claims in connection with mineral proceeds. It is a familiar rule that the legislature's affirmative statement of the effect of a statute is an implied denial of its having some other effect. Gosnell v. State, 284 Ark. 299, 681 S.W.2d 385
(1984). Applying this precept, the legislature has in this instance specifically designated the fund to be used for the payment of abandoned mineral proceeds claims. The payment of such claims from another fund would, in my opinion, be contrary to the established statutory scheme.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.