The Honorable James C. Scott State Senator Route 1, Box 82-A Warren, AR 71671 — 9705
Dear Senator Scott:
This is in response to your request for an opinion on the following questions:
 1. May a County Judge hire his wife to work as a secretary in the County Judge's office?
 2. May a County Sheriff employ his wife or a member of his immediate family in the County Sheriff's or Collector's office?
 3. If the answers to the above questions are "No", is there any legal recourse which may be exercised against these public officials?
Please note that I have enclosed a copy of Attorney General Opinion Number 88-194, which addressed similar questions in connection with a Prosecuting Attorney's appointment of his daughter as Deputy Prosecutor. It was concluded therein that a court would in all likelihood be unwilling to read a general nepotism prohibition into the language of A.C.A. 21-8-304, which states in pertinent part:
 (a) No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law.
As noted in Opinion Number 88-194, a violation of this provision could possibly be premised upon the public official's hiring of a family member if, for instance, customary hiring procedures were not followed or if the person was not qualified for the position. It is my opinion, however, that employment would not, as a general matter, constitute a "special privilege or exemption" for purposes of that prohibition.
A similar analysis may be applied with regard to A.C.A.14-14-1202 which prohibits a county officer or employee from using his position "to advance his individual personal economic interest or that of an immediate member of his family . . . other than advancing strictly incidental benefits as may accrue to any of them from the enactment or administration of law affecting the public generally." A.C.A. 14-14-1202(a). This provision does not, in my opinion, create a general nepotism prohibition. Such an intent could easily have been clearly expressed. And, as with Section 21-8-304 (see Op. No. 88-194), Section 14-14-1202 contains a penal provision, and as such must be strictly construed. Knapp v. State, 283 Ark. 346, 676 S.W.2d 433 (1984).
Thus, while the particular circumstances must be considered in each instance, it is my opinion that the answer to your first two questions is, generally, "yes". This opinion does not address, however, any potentially applicable local ordinances. We have not been provided with any information in this regard.
A response to your third question is not necessary, in light of the foregoing.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.