The Honorable Doug Wood State Representative 215 North Claremont Sherwood, Arkansas 72116
Dear Representative Wood:
This is in response to your request for an opinion on a question involving A.C.A. 27-51-213. That statute pertains to the speed limit signs required to be posted in "school zones". It provides in pertinent part as follows:
 (a)(1) A school zone shall include a distance of three hundred feet (300') on either side of a school building or school grounds and shall be posted with appropriate signs showing: "SCHOOL — 25 M.P.H. WHEN CHILDREN ARE PRESENT."
 (2) At an appropriate distance before reaching this sign, a school advance sign shall be erected.
 (3) A third sign at the end of the school zone shall designate the speed limit the motor vehicle may resume.
Your question relative to this statute is at what point a speed limit in excess of 25 miles per hour may be resumed. Specifically, your question is whether a third sign, as required by 27-51-213 (a)(3) above, is necessary to increase the legal speed limit above 25 miles per hour, or stated another way, whether the speed limit of 25 miles per hour remains the same until it has properly been redesignated by a third sign. It is my opinion that the answer to your question is "no", a third sign is not necessary to increase the speed limit once a motorist has passed the "school zone". Two factors contribute to this conclusion.
The first is the statutory maxim that penal provisions are to be strictly construed with all doubts resolved in favor of the accused. Knapp v. State, 283 Ark. 346, 676 S.W.2d 729 (1984). Criminal penalties are imposed for a violation of school zone speed limit laws. See A.C.A. 27-51-214. Thus, to the extent there is an ambiguity in the statute, it will be construed in favor of the defendant.
Secondly, the statute you reference, 27-51-213, does not itself govern what is and what is not unlawful as regards speeding in a school zone. It merely requires certain types of signs to be posted. Another statute, A.C.A. 27-51-212, however, provides in pertinent part that:
 No person shall operate a motor vehicle in excess of twenty-five (25) miles per hour when passing a school building or school zone during school hours when children are present and outside the building.
This statute makes it unlawful to exceed 25 miles per hour in a school zone under certain circumstances. A "school zone" is three hundred feet on either side of the school grounds. A.C.A. 27-51-213(a)(1). This statute does not make it unlawful to exceed 25 miles per hour until a third sign appears. In short, it is my opinion that the posting or non-posting of a sign is not controlling as to what conduct is prohibited under 27-51-212. That statute makes it unlawful to speed in a "school zone". If a citation for speeding is given for conduct which occurred outside this "school zone", then it is my opinion that this statute is inapplicable and the relevant speed limit and applicable law will be found in other state or local provisions. See generally, A.C.A. 27-51-201.
The Attorney General is required under A.C.A. 25-16-706 to provide opinions to the General Assembly upon the constitutionality of any proposed bill. The Attorney General is precluded, however, from engaging in the private practice of law. Therefore, this opinion is not provided for the benefit of private third parties and should not be relied upon or offered for that purpose. Additionally, to the extent the question presented in this opinion is pending before a court having jurisdiction of the issue, or to the extent a trial court has previously decided this issue, the judgment of that court is final unless appealed according to law.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elana L. Cunningham.
Sincerely,
MARY STALLCUP Attorney General
MBS:arb