The Honorable W.F. Foster, Sr. State Representative P.O. Drawer 220 England, AR 72046-0220
Dear Representative Foster:
This is in response to your request for an opinion on the following question:
 Can a school board voluntarily establish an election by zone process whereby each member of the board would be a resident of and elected from a specified zone or area of the district but would be voted upon by the electors of the entire district?
You have stated that "the question of minority representation is not involved in the Cabot school district." One review has, therefore, not encompassed questions or issues arising as a result of the federal Voting Rights Act of 1965 or the 14th or15th Amendments to the U.S. Constitution.
A review of the various Arkansas Code sections regarding election of school district boards of directors yields no statutory authority for the proposed method of election in this instance. My reading of these sections compels me to conclude that legislative action would be necessary in order to implement this particular election by zone process in the existing Cabot district. It is therefore my opinion that the answer to your question is "no."
The legislature has, under several different enactments, made provision for dividing districts by zone. See A.C.A. §§6-13-504, 6-13-607 (Cum. Supp. 1991), 6-13-615 (Cum. Supp. 1991), and 6-13-630 (Cum. Supp. 1991). Election of school board members by zone may come about as a result of a petition by qualified electors of the district (§ 6-13-615), or by resolution of the school board (§§ 6-13-607 and -630). Section 6-13-615 provides for the establishment of boundaries of "substantially equal population" by the county election commission where a majority of the electors vote for the election of directors from single-member districts. A.C.A. § 6-13-615(c) (Cum. Supp. 1991). Section 6-13-607 states that:
 [t]he board of directors of a school district shall have the authority to provide by resolution, by a majority vote, that all board members be elected by zone. In a school district divided by zone, each board member shall be voted upon by the qualified electors of the zone from which that person is a candidate. [Emphasis added.]
A.C.A. § 6-13-607(a)(1) (Cum. Supp. 1991).
Section 6-13-630 states that:
 [t]he board of directors of any school district shall have the authority to provide by resolution by a majority vote that a portion of the board members shall be elected by zone, at large, or a combination thereof. A candidate for a position to be elected by zone shall reside in the zone. The names of the candidates for at-large board positions shall appear upon the ballots throughout the district. [Emphasis added.]
A.C.A. § 6-13-630(a) (Cum. Supp. 1991).
The above provisions reflect legislative intent for directors to be voted upon by the electors of the zones from which they are candidates, where the district has been divided into zones. There is, on the other hand, no provision for dividing a district by zone and electing the board members at-large. Nor is there authority for requiring members elected at-large to reside in zones. Rather, Section 6-13-630 states that candidates electedby zones shall reside in the zone. It may be implied from this affirmative statement that candidates for at-large positions are generally not required to reside in zones. See generallyGosnell v. State, 284 Ark. 299, 681 S.W.2d 385 (1984) (legislature's affirmative statement of the effect of a statute is an implied denial of its having some other effect.)
It is apparent that the legislature has authorized several alternative election methods for selecting school board members. The proposed method is not among those authorized, and there appears to be no separate general authority for the Cabot school board's development of an independent method in this instance.[1]
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
[1] Section 6-13-630(c) states that selection procedures must be in compliance with the Voting Rights Act of 1965. While this section does not, in my opinion, generally authorize a school board to develop whatever election method it wishes, it may offer a basis for defending a plan that is adopted in an effort to comply with the Voting Rights Act.