Mr. Marvin Hemme, Chairman Heating, Ventilation, Air-Conditioning and Refrigeration Licensing Board 4815 West Markham Street Little Rock, AR 72205-3867
Dear Mr. Hemme:
This is in response to your request for an opinion regarding the possible exemption for the Liquefied Petroleum (LP) Gas Board licensees from the application of A.C.A. §§ 17-50-101—308 (Repl. 1992). Your questions are restated and addressed below in the order posed.
 1. Does A.C.A. § 17-50-102 exempt licensees of the LP Gas Board?
It is my opinion that the answer to this question is "no." The specific language of § 17-50-102 does not exempt the LP Gas Board licensees. The Arkansas Supreme Court has held that when the language of a statute is plain and unambiguous, the court will give the language its plain meaning. McGee v. Amorel PublicSchools, 309 Ark. 59, S.W.2d (1992). In my opinion, Section17-50-102 clearly sets out all of the exceptions that qualify, and contains no ambiguity. Additionally, in Gosnell v. State,284 Ark. 299, 681 S.W.2d 385 (1984), the court held that "the legislature's affirmative statement of the effect of a statute is an implied denial of its having some other effect." Accordingly, if the legislature had intended for the licensees to receive an exemption, it would have included them in the statute. It is therefore my opinion that the licensees of the LP Gas Board are not exempt under Section 17-50-101.
 2. Does the HVACR Licensing Board have the authority to exempt LP Gas licensees by rule and regulation if they are not exempt under the HVACR law?
It is my opinion that the answer to this question is also "no." It is well established that an administrative agency may determine the particular facts and circumstances upon which operation of a legislative enactment is conditioned. See Hoguev. Housing Authority of North Little Rock, 201 Ark. 263,144 S.W.2d 49 (1940); McArthur v. Smallwood, 225 Ark. 328,281 S.W.2d 428 (1955). It does not, however, have the power to legislate. Id. Creation of a separate category of exemption would, in my opinion, constitute the exercise of legislative, rather than administrative authority.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
JW/WB:cyh