The Honorable Randy Thurman State Representative P.O. Box 584 Heber Springs, Arkansas 72543-0584
Dear Representative Thurman:
This is in response to your request for an opinion regarding A.C.A. 6-21-603 (Cum. Supp. 1993), which provides the following:
 (a) It shall be unlawful for any member of the school board of any district to be interested directly or indirectly in any contract or purchase made by the district of which he is a director if the contract or purchase is for an amount in excess of five hundred dollars ($500).
 (b) However, this prohibition shall not apply to contracts for materials bought on open competitive bid and let to the lowest bidder. [Emphasis added.]
With regard to this statute, you have posed the following question:
 Whether A.C.A. 6-21-603 includes personnel contracts with spouses or immediate family members of school board members?
In response to your question, it is my opinion that A.C.A. 6-21-603 does not apply to personnel contracts.
The foregoing conclusion is based, in part, on the fact that the provision at issue is located in Chapter 21 of Title 6 to the Arkansas Code. Chapter 21 is entitled "School Property and Supplies." This title seems to indicate that personnel contracts are not encompassed within the scope of the chapter. Additionally, A.C.A. 6-21-603(a) prohibits school board directors from being interested in any contract or purchase made by the district in an amount in excess of $500.00.[1] Since most personnel contracts, presumably, would be in excess of such an amount, this is an additional indication that such contracts were not intended to be prohibited by this statute.
While it is my opinion that personnel contracts are not encompassed within the scope of A.C.A. 6-21-603, it is necessary to review the statutes pertaining to school board directors and to those pertaining to nepotism in general in order to determine whether any other state law would prohibit school board directors from entering into personnel contracts with spouses or immediate family members. The statute codified at A.C.A. 6-13-616 (Cum. Supp. 1993) sets forth the qualifications for members of school district boards. Subparagraph (b) of that statute states that "[n]o person who is elected to a school district board of directors shall be eligible for employment in that same school district." This provision does not, however, refer to members of a director's family or to a director's spouse. Thus, this provision would not appear to prohibit the contracts in question.
Additionally, the oath of office which is required of school board directors pursuant to A.C.A. 6-13-617(a) (1987) should be reviewed in this instance. The oath for school board directors states, in pertinent part, the following:
 I, ______________, do hereby solemnly swear or affirm, that I will support the Constitution of the United States and the Constitution of the State of Arkansas, and that I will not be interested, directly or indirectly, in any contract made by the district of which I am a director, except that said contract be for materials bought on open competitive bid and let to the lowest bidder. . . . Emphasis added.]
It is my opinion that the personnel contracts in question are not encompassed within the "contracts" mentioned in this oath, as the term seems to contemplate contracts for goods or services, rather than for employment.
With regard to those statutes prohibiting nepotism, there are several which appear in Title 6 to the Arkansas Code, wherein the statutes pertaining to education appear. See, e.g., A.C.A.6-12-201(a) (Cum. Supp. 1993) (providing that neither husband nor wife of a member of the county board of education nor any person related within the fourth degree of consanguinity or affinity to any member of the county board of education shall be eligible to be employed as county school supervisor); A.C.A. 6-11-102(c)(2) (Cum. Supp. 1993) (stating that no person who is related within the fourth degree of consanguinity or affinity to any member of the State Board of Education may be eligible to serve as Director of the General Education Division); and A.C.A. 6-12-208 (1987) (prohibiting spouse of, or any person related within the fourth degree of consanguinity or affinity to, any member of the county board of education or the county school supervisor from being employed as clerical help in the office of the county school supervisor). These statutes, however, are inapplicable to your question since they do not involve a member of a board of directors for a school district.
After a review of the statutes pertaining to school district boards for any provisions regarding nepotism, the only statute I have found is A.C.A. 6-13-620(4)(C) (Cum. Supp. 1993), which states the following: "Relationship by any degree of affinity or consanguinity to a member of the county board of education shall in no way prejudice the employment or hiring of anyone by a school board or public school district." This provision, however, is inapplicable to the present case, since it pertains to relatives of the county board of education. In sum, after a review of the relevant statutes in the Education Title to the Arkansas Code Annotated, I find none which directly address the subject of school board directors hiring their spouses or close relatives.
Finally, it is necessary to review the code of ethics which applies to public officials and state employees. In this regard, A.C.A. 21-8-304(a) (1987) provides the following:
 No public official or state employee shall use his position to secure special privileges or exemption for himself, his spouse, child, parents, or other persons standing in the first degree of relationship, or for those with whom he has a substantial financial relationship, that is not available to others, except as may be otherwise provided by law. [Emphasis added.]
This office has previously addressed the foregoing statute in Op. Att'y Gen. Nos. 89-220 and 88-194, copies of which are enclosed. It was concluded in those opinions that a court would in all likelihood be unwilling to read a general nepotism prohibition into the language of A.C.A. 21-8-304(a), as employment would not, as a general matter, constitute a "special privilege or exemption" for purposes of the statute and as the statute is a penal provision and as such must be strictly construed. Knapp v. State, 283 Ark. 346, 676 S.W.2d 433 (1984). However, as noted in Opinion Number 88-194, a violation of this provision could possibly be premised upon the public official's hiring of a family member if, for instance, customary hiring procedures were not followed or if the person were not qualified for the position.
In sum, it is my opinion that A.C.A. 6-21-603 does not apply to personnel contracts with spouses or immediate family members of school board members. Additionally, the statutes in Title 6 of the Arkansas Code prohibiting nepotism appear to be inapplicable to this situation. The only provision which appears to possibly prohibit such contracts is A.C.A. 21-8-304(a), and then, only if the public official's hiring of a family member is contrary to customary hiring procedures or the person is not qualified for the position. This determination, however, would have to be made on a case by case basis considering the particular circumstances involved.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Nancy A. Hall.
Sincerely,
WINSTON BRYANT Attorney General
WB:cyh
Enclosures
[1] A.C.A. 6-21-603(a) was amended by Acts 1987, No. 80, 3. Prior to that amendment, the statute prohibited school board directors from being interested in any contract or purchase made by the district in an amount in excess of $100.00. In the emergency clause to Acts 1987, No. 80, the General Assembly stated that the amount appearing in A.C.A. 6-21-603(a) was being raised from $100.00 to $500.00 because the $100.00 limit was "unreasonably low."