The Honorable David Malone State Senator P.O. Box 1048 Fayetteville, AR 72702-1048
Dear Senator Malone:
This is in response to your request for an opinion on several questions involving the application of A.C.A. § 14-14-1202, the county ethics law, with respect to a county's contracts for services or supplies. You have asked, specifically:
 1. If the county either contracts for services from a private non-profit corporation of which a quorum court member is a paid employee, or if the county routinely buys goods or supplies from a quorum court member's business, will mere abstention from voting on any matters touching this area suffice so as not to invoke the above referenced statute, or would a finding of unusual circumstances be required?
 2. Would such abstention include not voting on the entire budget? What type of circumstances would be considered" unusual"?
 3. If such a finding is made by the quorum court, is the quorum court member prohibited from voting on all matters which may touch on the provision of services/sale of goods, including the entire budget?
RESPONSE
Question 1 — If the county either contracts for services from a privatenon-profit corporation of which a quorum court member is a paidemployee, or if the county routinely buys goods or supplies from a quorumcourt member's business, will mere abstention from voting on any matterstouching this area suffice so as not to invoke the above referencedstatute, or would a finding of unusual circumstances be required?
It is my opinion that a finding of "unusual circumstances" would be required in both of these situations, i.e., a contract for services where a quorum court member is a paid employee of the provider, and a contract for the purchase of goods or supplies from a quorum court member's business.
As you have noted, A.C.A. § 14-14-1202 provides, inter alia, that no quorum court member shall:
 Be interested, either directly or indirectly, in any contract or transaction made, authorized, or entered into on behalf of the county or an entity created by the county, or accept or receive any property, money, or other valuable thing, for his use or benefit on account of, connected with, or growing out of any contract or transaction of a county. If, in the purchase of any materials, supplies, equipment, or machinery for the county, any discounts, credits, or allowances are given or allowed, they shall be for the benefit of the county. It shall be unlawful for any officer or employee to accept or retain them for his own use or benefit[.]
A.C.A. § 14-14-1202(c)(1)(A) (Repl. 1998).
This Code section states further:
 If the quorum court determines that it is in the best interest of the county, the quorum court may by ordinance permit the county to purchase goods or services directly or indirectly from quorum court members, county officers, or county employees due to unusual circumstances. The ordinance permitting such purchases must specifically define the unusual circumstances under which such purchases are allowed and the limitations of such authority.
Id. at subsection (c)(2)(A).
These Code provisions must be applied on a case-by-case basis with reference to all of the surrounding facts and circumstances. While fact questions may therefore arise, it seems clear that in the scenarios presented the quorum court member would, by virtue of both his employment with the private non-profit corporation and his ownership of the business, be in receipt of "property, money, or other valuable thing" on account of a contract or transaction of the county. It seems clear that in both cases, abstention would not suffice so as to avoid the prohibition in 14-14-1202(c)(1)(A).[1]
Question 2 — Would such abstention include not voting on the entirebudget? What type of circumstances would be considered "unusual"?
Your question regarding abstention is moot in light of the above response. With regard to what would be considered "unusual" circumstances, I can only refer you to the plain meaning of the word "unusual," i.e., "[u]ncommon; not usual, rare." Black's Law Dictionary
1380 (5th ed. 1979); see also Webster's Seventh New CollegiateDictionary 974 (1972). In the absence of a statutory definition, the ordinary and commonly accepted meaning of the term will control. Seegenerally Thompson v. Younts, 282 Ark. 524, 669 S.W.2d 471 (1984). I cannot expand further on what would be considered "unusual" circumstances, given the absence of a statutory definition. Nor are there any cases construing this provision. The quorum court must make this determination, with the advice of its counsel, based upon the particular facts at hand. See Op. Att'y Gen. 90-130 (stating that the determination under § 14-14-1202(c)(2)(A) regarding "unusual circumstances" is a factual one, which must be based on the individual facts and circumstances and the language of the relevant local ordinance). As stated by the Arkansas Supreme Court:
 [w]hen a statute is silent upon some point, its interpretation is best developed case by case, when genuinely adversary arguments can be considered against a background of actual facts.
Liberty Mutual Ins. v. Billingsley, 256 Ark. 947, 950, 511 S.W.2d 476
(1974).
Question 3 — If such a finding is made by the quorum court, is the quorumcourt member prohibited from voting on all matters which may touch on theprovision of services/sale of goods, including the entire budget?
The answer to this question is found in § 14-14-1202(c)(2)(B), which provides:
 Any quorum court member having any interest in the goods or services being considered under these procedures shall not be entitled to vote upon the approval of such goods or services. [Emphasis added.]
The answer to your question thus turns on whether the particular matter touching on provision of the services/sale of goods involves the approval of the goods or services. As regards the member voting on the entire budget, I do not perceive this to be a problem, assuming that you are referring to a vote on the annual budget which only incidentally includes this expenditure. See generally A.C.A. § 14-14-907(a)(3)(B) (regarding the enactment of specific appropriations through the adoption of an annual budget). I believe it may reasonably be concluded that a vote on the budget does not fall within the proscription in §14-14-1202(c)(2)(B), particularly given the fact that this is a penal provision and as such must be strictly construed. See generally Knapp v.State, 283 Ark. 346, 676 S.W.2d 433 (1984). It is my opinion that this provision reasonably refers to the ordinance permitting the purchase (§14-14-1202(c)(2)(A)), and any other vote that is more narrowly focused on goods or services in which a quorum court member has an interest.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:EAW/cyh
[1] Although you have not cited it, A.C.A. § 14-14-1205(c) should also be noted. In accordance with this provision, no justice of the peace shall "receive compensation or expenses from funds appropriated by the quorum court for any services performed within the county, other than as provided by this subchapter." See also Op. Att'y Gen. 95-027 (regarding a quorum court member's receipt of compensation from a sanitation authority funded in part by the county). As noted in Opinion 95-027, Section14-14-1205(c) focuses on the place of performance of the service and the source of funds used to provide compensation or expense reimbursement.