James Orval DAVIDSON *v.* STATE of Arkansas

CA CR 03-1374                                         200 S.W.3d 449

Court of Appeals of Arkansas
Supplemental Opinion on Denial of Rehearing
December 15, 2004

Pᴇʀ Cᴜʀɪᴀᴍ. Petition for rehearing is denied.

Pɪᴛᴛᴍᴀɴ and Bᴀᴋᴇʀ, JJ., dissent.

Jᴏʜɴ Mᴀᴜᴢʏ Pɪᴛᴛᴍᴀɴ, Judge, dissenting. In our opinion of October 6, 2004, we reversed and remanded appellant's sexual-abuse conviction on the grounds that an expunged conviction was introduced against him pursuant to the pedophile exception. I would grant rehearing because I believe we erred in concluding that appellant proved that his conviction had in fact been expunged.

At trial, the State offered evidence that appellant had previously been convicted of sexually abusing the child victim in this case. Appellant objected, asserting that his prior conviction for sexual abuse of the child had been expunged, and arguing that expungement of a Youthful Offender/Act 346 of 1975 conviction meant that it never existed, indeed that it was deemed as a matter of law that the underlying conduct never even occurred. In our prior opinion, we agreed, relying specifically upon Ark. Code Ann. § 16-90-902 (Supp. 2003).

Our prior opinion, however, was wrong because we failed to take into account that Ark. Code Ann. § 16-90-902 was not effective unless and until the trial court entered "the uniform order to seal" the records. That section provides that:

> (a) An individual whose record has been expunged *in accordance with the procedures established by this subchapter* shall have all privileges and rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.
>
> (b) *Upon the entry of the uniform order to seal records* of an individual, the individual's underlying conduct shall be deemed as a

> matter of law never to have occurred, and the individual may state
> that no such conduct ever occurred and that no such records exist.

(Emphasis added.) Here, the record fails to disclose that any such uniform order[1] was entered as to appellant's prior conviction. Because "[n]o order to seal or expunge records covered by this subchapter shall be effective unless the uniform order is entered," Ark. Code Ann. § 16-90-905(a)(2), appellant failed to show that his prior conviction had been expunged.[2] This is crucial, because our prior opinion is squarely based on our mistaken assumption that he had so shown. Because of our mistake, we wrongly reversed appellant's conviction of sexually abusing a child.

The burden of bringing up a record sufficient to demonstrate reversible error clearly rests upon the appellant. *See Smith v. State*, 343 Ark. 552, 39 S.W.3d 739 (2001). According to Ark. Code Ann. § 16-90-905, without a uniform order to seal, appellant is not entitled to the benefits or protections of Ark. Code Ann. § 16-90-902. Because appellant failed to bring up a record showing that such an order was entered, our reliance on the broad effects of Ark. Code Ann. § 16-90-902 was misplaced. I believe that we therefore erred in reversing appellant's conviction of first-degree sexual abuse, and that we should grant rehearing and correct our error.

KAREN R. BAKER, Judge, dissenting. I join in Judge Pittman's dissent. In addition, I would grant the State's petition for rehearing because this court's opinion reversing appellant's conviction does not mention the case of *Gosnell v. State*, 284 Ark. 299, 681 S.W.2d 385 (1984), and the supreme court's reasoning set forth in *Gosnell* requires that we affirm the trial court's admission of appellant's prior conviction for sexually abusing the victim in this case.

This court's opinion reversed appellant's conviction stating: "Appellant argues that it was error to admit his 1994 conviction because the law at the time he entered his plea did not prohibit

---

[1] The required form and contents of a uniform order to seal records is the subject of Ark. Code Ann. § 16-90-905(a) (Supp. 2003).

[2] "As used in . . . §§ 16-93-301 — 16-93-303 [Act 346 of 1975] . . ., 'expunge' shall mean that the record or records in question shall be sealed, sequestered, and treated as confidential *in accordance with the procedures established by this subchapter.*" Ark. Code Ann. § 16-90-901(a)(1) (Supp. 2003) (emphasis added).

expungement for those who pleaded guilty or *nolo contendere* who were found guilty of a sexual offense against a minor." The opinion relies upon the fact that Arkansas Code Annotated § 16-90-901(a)(3) (Supp. 2003) and § 16-93-303(a)(1)(B) (Supp. 2003) were amended in 1999 to prohibit expungement for those guilty of sexual offenses against a minor, but at the time appellant was convicted of the 1994 crime, the statute did not prohibit expungement for those offenses. However, the fact that expungement was not prohibited does not answer the question of whether the trial judge erred in admitting the conviction upon the facts presented in this case.

Our supreme court in *Gosnell* emphasized that the expungement statute extends no benefit apart from the rehabilitation of an offender and that the statute provides no benefit that would encourage the commission of another crime:

> *Every benefit* extended by this statute is of the type to encourage the offender's progress toward rehabilitation. That is, a reformed convict should be encouraged to apply for a job, to assert his civil rights, as by registering to vote or running for office, and to discharge a good citizen's duty to appear as a witness without fear of unnecessary embarrassment. But there is no reason either to encourage him to commit another crime or to believe that the legislature intended to do so.

*Gosnell*, 284 Ark. at 301, 681 S.W.2d at 387 (emphasis in original).

This court's opinion ignores our supreme court's unambiguous explanation in *Gosnell* that the expungement statute addresses only the restoration of civil liberties to a rehabilitated felon. There is no civil right of privacy for criminal activity, and an expungement order does not privatize criminal activity. *See Eagle v. Morgan*, 88 F.3d 620 (8th Cir. Ark. 1996); *see also Stidham v. Peace Officer Standards and Training*, 265 F.3d 1144 (10th Cir. Utah 2001) (holding that a validly enacted law places citizens on notice that violations thereof do not fall into the realm of privacy and criminal activity is thus not protected by the right to privacy). Furthermore, Arkansas Code Annotated. § 16-90-903 (4) (Supp. 2003) (enacted 1995) specifically provides for the release of the sealed expunged records when requested by the prosecuting attorney in conjunction with the prosecution of an offense.

As the Eighth Circuit court in *Eagle, supra*, explained:

> An expungement order does not privatize criminal activity. While it removes a particular arrest and/or conviction from an individual's

criminal record, the underlying object of expungement remains public. Court records and police blotters permanently document the expunged incident, and those officials integrally involved retain knowledge of the event. An expunged arrest and/or conviction is never truly removed from the public record and thus is not entitled to privacy protection. *Id.* Just as the judiciary cannot "suppress, edit, or censor events which transpire in proceedings before it," *Craig v. Harney*, 331 U.S. 367, 374 (1947); neither does the legislature possess the Orwellian power to permanently erase from the public record those affairs that take place in open court. Actually, we doubt this was the intention of the Arkansas General Assembly, for even in that state an expunged conviction can be used for certain purposes. *See Gosnell v. State*, 284 Ark. 299, 681 S.W.2d 385, 386-87 (1984) (deciding that an expunged conviction can be employed to enhance a person's sentence as a habitual offender).

*Eagle*, 88 F.3d at 626; *cf.* Ark.Code Ann. § 16-90-901(b) (Supp. 1996) ("[E]xpunge shall not mean the physical destruction of any records"); Ark. Code Ann. § 16-90-904 (Supp. 2003) (describing the procedure for sealing records and replacing docket sheets to show the record sealed for the particular docket number and date sealed).

To hold that the trial court committed error, we must find that the trial court acted improvidently, thoughtlessly, or without due consideration in allowing the prosecutor to enter evidence of appellant's 1994 conviction of sexual abuse against this same victim. *See Threadgill v. State*, 347 Ark. 986, 993, 69 S.W.3d 423, 428 (2002).

The expungement provisions are a shield from having one's civil liberties and employment prospects limited when the interests of justice dictate such a disposition under the First Offender Act. Its provisions were never intended to be a sword to prohibit the introduction of relevant evidence in a subsequent prosecution, particularly where the accused has offered evidence, as was done in this case, that there has never been any other allegations of sexual molestation.

In reversing appellant's conviction, this court's opinion holds that "[g]iven that the prior conviction involved appellant committing the same crime against the same victim, the prejudice was palpable." Contrary to the court's holding, it is difficult to conceive of a situation where the offered evidence is more relevant or more probative of guilt than was presented to the trial court in this case. I cannot agree that the trial court acted thoughtlessly in admitting the evidence when the trial court's admission of the evidence is consistent with our supreme court's opinion in *Gosnell* and there is no legitimate State interest prohibiting introduction of relevant evidence regarding the previous commission of a crime committed by the accused against the same victim.

Accordingly, I would grant rehearing.