The Honorable Randy Laverty State Senator Post Office Box 165 Jasper, AR 72641
Dear Senator Laverty:
I am writing in response to your request for an opinion on the following question concerning the election of school board members:
 The Searcy County School District currently interprets state law to provide that a person running for a school board position from a certain school zone must reside in the zone but be elected by the entire district. Is this a proper interpretation of the law?
 RESPONSE
The answer to this question is "no," in my opinion. While certain statutes require residency in the zone when there is a zoned school board and a zone- election system, it is clear, in my opinion, that a school board candidate is not required to reside in a zone when the position is to be filled by a vote of all of the electors of the district. State law instead provides that a candidate for the latter so-called "at large" position must simply be a resident of the district.
This conclusion follows, in my opinion, from a reading of the relevant constitutional and statutory provisions regarding the qualification and selection of a school district's board of directors. Article 19, Section4 of the Arkansas Constitution establishes the general residency requirement for school board membership as follows:
 All civil officers for the State at large shall reside within the State, and all district, county and township officers within their respective districts, counties, and townships, and shall keep their offices at such places therein as are now or may hereafter be required by law.
Emphasis added. See Davis v. Holt, 304 Ark. 619, 804 S.W.2d 362 (1991) (applying Ark. Const. art. 19, sec. 4 in a dispute arising from a school board election, holding the successful candidate ineligible for lack of residence in the district).
The Arkansas Code echoes the constitutional requirement that school board directors must reside in the districts they serve. Arkansas Code Annotated 6-13-616(a) (Repl. 1999) states in pertinent part that ". . . no person shall be eligible to be a member of any school district board of directors in this state unless he is a qualified elector of the school district which he serves." The "qualified elector" requirement includes residence. See Davis, supra; Thomas v. Sitton, 213 Ark. 816,212 S.W.2d 710 (1948).
In addition to requiring residency in the district, certain statutes require that a candidate for a school board position to be elected by zone must be a resident of the zone. See A.C.A. §§ 6-13-615 (Repl. 1999);6-13-630 (Repl. 1999); 6-13-631 (Supp. 2005). Section 6-13-615 provides a local option for the election of school board directors from single-member zones. Qualified electors of a district can petition to have the question of a zone — election system placed on the ballot at the annual school election. Id. at subsection (a)(1). The original act establishing this local option for election from zones provided that upon approval of zone elections, ". . . the current school board draws lots to determine which zone position each member's position represents until a resident of that zone can be elected." Acts 1989, No. 872, § 4. A board member who is "qualified to serve the zone he represents" can succeed himself. A.C.A. 6-13-615(d) (Repl. 1999). Although the latter statute contains no express directive that a candidate running for election reside in the zone he wishes to represent, I agree with my immediate predecessor that this requirement is "implicit in the very concept of zoned representation." Op. Att'y Gen. 2002-292.
Section 6-13-630 authorizes the board of directors of any school district to adopt a plan of election under which a portion of the board will be elected "by zone, at large, or a combination thereof." A.C.A. § 6-13-630(a) (Repl. 1999).[1] The statute expressly dictates that "[a] candidate for a position to be elected by zones shall reside in the zone." Id. The final statute cited above, A.C.A. § 6-13-631 (Supp. 2005), applies to districts having a ten percent (10%) or greater minority population. With certain exceptions, it requires zoned elections in such districts. Id. at (f) and (g). Candidates elected from single-member zones created to comply with this statute must reside in the zone. Id. at (d).
With the exception of statutes such as these that either authorize or require election by zone, there are no statutes that require candidates for school board to be residents of a zone.[2] In other words, the requirement that a candidate must reside in a zone corresponds with zone elections only, such that a candidate must reside in a zone only if he or she is to be to be elected by the residents of the zone. One of my predecessors expressed this principle as follows after citing the above statutes:
 The above provisions reflect legislative intent for directors to be voted upon by the electors of the zones from which they are candidates, where the district has been divided into zones. There is, on the other hand, no provision for dividing a district by zone and electing the board members at — large. Nor is there authority for requiring members elected at — large to reside in zones. Rather, Section 6-13-630 states that candidates elected by zones shall reside in the zone. It may be implied from this affirmative statement that candidates for at — large positions are generally not required to reside in zones. See generally Gosnell v. State, 284 Ark. 299, 681 S.W.2d 385
(1984) (legislature's affirmative statement of the effect of a statute is an implied denial of its having some other effect.)[3]
Op. 91-271.
To summarize, if the candidate is to be elected by all of the electors of the district, i.e., "at large," there is no zone residency requirement. To be eligible, the "at large" candidate must only be a resident of the district. The interpretation suggested in your question recited above is therefore incorrect, in my opinion.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MIKE BEEBE, Attorney General
[1] A former statute, repealed in 1999, required election by zone for districts with more than 24,000 average daily attendance. See A.C.A. § 6-13-607 (Repl. 1999), repealed by Act 1078 of 1999, § 34.
[2] Election from single-member zones may also be required after annexation or consolidation of districts. See, e.g., A.C.A. §6-13-1406(a)(3) (Supp. 2005) (new school board created by agreement after annexation) and (b)(3) (Supp. 2005) (board of new district created as a result of consolidation.)
[3] Two of the statutes cited in the 1991 opinion — A.C.A. §§ 6-13-504
and -607 — were subsequently repealed. The remaining statute, however, A.C.A. § 6-13-630, and the subsequently enacted section 6-13-615, noted above, continue to reflect the general principle that a zone residency requirement is correlated only with zone elections, and not an at — large election system.